NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT, INC, | |
| Plaintiff, | **ORDER** |
| v. | Civ. No. 13-00388 (WHW) |
| DORIS DUPREE-ROBERTS, | |
| Defendant. | |

**Walls, Senior District Judge**

For the reasons set forth in the accompanying Opinion,

It is on this 7th day of August 2013,

**ORDERED** that Plaintiff's motion for default judgment is **GRANTED**; and it is further

**ORDERED** that Defendant pay Plaintiff the sum of $158,958.47, with $350.90 in costs and disbursements, and attorney's fees in the sum of $2,997.00, totaling an outstanding sum of $162,306.37; and it is further

**ORDERED** that beyond the date of this Order, post-judgment interest with respect to the amount claimed will continue to accrue at the contractually agreed upon rate of 18% until the Judgment is paid in full; and it is further

**ORDERED** that Plaintiff is entitled to a permanent injunction against Defendant on the following terms:

NOT FOR PUBLICATION

1. Defendant shall immediately provide Jackson Hewitt with access to and turn over all originals and copies of client files and information including client names, addresses, telephone numbers and social security numbers on her computers from the former franchise territories.

2. Defendant shall immediately turn over to Jackson Hewitt the originals and all copies of trade secret, confidential, and propriety information as that term is defined in paragraph 12.3 of the franchise agreements between the parties, whether contained on paper, disk or other computer storage media for the Territories.

3. Defendant shall immediately notify the telephone company and all listing agencies and advertising directories whether the telephone numbers are listed, that Defendant no longer has the right to use any telephone numbers, listing, and advertisements used in connection with her former Jackson Hewitt franchise locations; Defendant shall execute appropriate documents authorizing the transfer of all such telephone numbers, listing and advertisements to Jackson Hewitt or its designee; and Defendant shall deliver to Jackson Hewitt a copy of such documents of transfer.

4. Defendant, her employees, agents, independent contractors, and all those who act in concert or participation with her, are enjoined from directly or indirectly preparing or electronically filing individual income tax returns, teaching tax courses, offering Financial Products or owning, engaging in, operating, managing, purchasing, investing in (except to purchase stock in a publicly traded company listed on the national stock exchange) franchising, lending money to, leading or subleasing to, or agreeing to sell or selling all or a majority of the assets of the franchise business or territories to any competing tax business, as defined by the franchise agreements, within the Territories,

NOT FOR PUBLICATION

and within an area ten miles outside the boundaries of the Territories, until two years from the date of this Court's order.

**IT IS SO ORDERED.**

<u>**s/ William H. Walls**</u>
United States Senior District Judge
